PER CURIAM.
Affirmed. See Hitchcock v. State, 866 So.2d 23, 27 (Fla.2004) (holding “[A] mov-ant, in pleading the requirements of rule 3.853, must lay out with specificity how the DNA testing of each item requested to be tested would give rise to a reasonable probability of acquittal or a lesser sentence. In order for the trial court to make the required findings, the movant must demonstrate the nexus between the potential results of DNA testing on each piece of evidence and the issues in the case.”); Van Poyck v. State, 908 So.2d 326, 330 (Fla. 2005) (holding a capital defendant could not make requisite showing that DNA evidence proving he was not the “triggerman” would create reasonable probability of receiving a lesser sentence, where State’s theory, jury’s recommendation, and trial court’s death sentence, was based primarily upon defendant’s status as a major participant in crime, not upon his status as a triggerman).